UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :    INDICTMENT

            - v. -                 :    20 Cr.

MARIO ALBERTO RAMOS,               :
JOSE LUIS DISLA MELO,
LORENZO MACIEL SOLORIO, and        :    **20 CRIM. 29.**
CARLOS ALBERTO RAMIREZ,
                                   :
            Defendants.
                                   :
- - - - - - - - - - - - - - - - X

### COUNT ONE
### (Narcotics Conspiracy)

The Grand Jury charges:

1. In or about December 2019, in the Southern District of New York and elsewhere, MARIO ALBERTO RAMOS, JOSE LUIS DISLA MELO, LORENZO MACIEL SOLORIO, and CARLOS ALBERTO RAMIREZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that MARIO ALBERTO RAMOS, JOSE LUIS DISLA MELO, LORENZO MACIEL SOLORIO, and CARLOS ALBERTO RAMIREZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.  The controlled substance that MARIO ALBERTO RAMOS, JOSE LUIS DISLA MELO, LORENZO MACIEL SOLORIO, and CARLOS ALBERTO RAMIREZ, the defendants, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

4.  As a result of committing the offense alleged in Count One of this Indictment, MARIO ALBERTO RAMOS, JOSE LUIS DISLA MELO, LORENZO MACIEL SOLORIO, and CARLOS ALBERTO RAMIREZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

Substitute Assets Provision

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

      (Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

MARIO ALBERTO RAMOS,
JOSE LUIS DISLA MELO,
LORENZO MACIEL SOLORIO, and
CARLOS ALBERTO RAMIREZ,

Defendants.

---

**INDICTMENT**

20 Cr.

(21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

01/13/20
(CA)

INDICTMENT FILED
WHEEL A.  DJ OETKEN
KH PARKER
USMJ